**PRINCETON UNIVERSITY PRESS, MACMILLAN, INC. and St. Martin's Press, Incorporated, Plaintiffs,**

v.

**MICHIGAN DOCUMENT SERVICES INC., and James M. Smith, Defendants.**

**No. 92–CV–71029–DT.**

United States District Court, E.D. Michigan, Southern Division.

Dec. 5, 1994.

Ronald S. Rauchberg, Herman L. Goldsmith, Law Firm of Proskauer, Rose, New York City, James E. Stewart, J. Michael Huget, Law Firm of Butzel Long, Detroit, MI, Jon A. Baumgarten, Law Firm of Proskauer, Rose, Washington, DC, for plaintiffs.

Susan M. Kornfield, Law Firm of Bodman, Longley, Ann Arbor, MI, for defendants.

## AMENDED ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEY FEES

HACKETT, District Judge.

This copyright infringement action arose out of defendants' unauthorized reproduction of copyrighted works for publication as student coursepacks at the University of Michigan. On June 10, 1994, the court determined that defendants had violated plaintiffs' copyrights, granted plaintiffs' motion for summary judgment, and awarded plaintiffs reasonable attorney fees pursuant to 17 U.S.C. § 505. The court directed plaintiffs to submit documentation in support of their claim for attorneys fees if the parties could not agree on the amount to be awarded. The parties have been unable to agree and the matter must be decided by the court. Plaintiffs have requested attorney fees in the amount of $328,847.25 and $30,356 for expenses.

Reasonable attorney fees may be awarded to a prevailing party in a copyright infringement action pursuant to 17 U.S.C. § 505 which provides that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." In determining reasonable attorneys fees, the court begins its calculation by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Blanchard v. Bergeron,* 489 U.S. 87, 94, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989); *In Re Boddy,* 950 F.2d 334, 337 (6th Cir.1991). The reasonable fee is calculated at the prevailing market rates in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984); *Scales v. J.C. Bradford & Co.,* 925 F.2d 901, 909 (6th

Cir.1991). In this case, the relevant community is Detroit which is where the lawsuit was litigated. Plaintiffs' counsel is the New York law firm Proskauer Rose Goetz & Mendelsohn (PRG & M) and local counsel is the Detroit law firm Butzel Long. Plaintiffs seek to recover attorney fees for the work performed by the three principal lawyers and one paralegal from the New York firm only and do not seek to recover fees for work performed by local counsel.

In their original attorney fee application, plaintiffs' counsel alleged that fees should be awarded at their New York rates. At a conference regarding plaintiffs' fee application held on September 8, 1994, however, the parties agreed that a reasonable fee would be calculated using the rates of PRG & M's local co-counsel Butzel Long. Plaintiffs' counsel gave Butzel Long the professional biographies of the senior litigation partner, the two litigation associates, and the paralegal who worked on this lawsuit. Butzel Long informed the court that based on the professional biographies, it would charge an hourly rate of $250 for the senior litigation partner, $150 and $105 for the litigation associates, and $85 for the paralegal who worked on the case. Defendants do not dispute that the hourly rates alleged are reasonable.

■ The court now turns to the number of hours plaintiffs' counsel alleges that it worked on the lawsuit. To substantiate the number of hours actually worked on the case, plaintiffs have submitted the affidavit of the senior litigation partner who worked on the case. In addition, at the status conference held on September 8, 1994, plaintiffs also shared with this judge a copy of plaintiffs' computerized contemporaneous time records which were voluminous. To aid the court in its analysis of whether the time allegedly spent working on the case was reasonable, the court instructed plaintiffs' counsel to prepare a summary of the work performed organized by the task involved. Plaintiffs' counsel has done so and the court has carefully reviewed the summary.

In considering whether the hours allegedly spent working on the case are reasonable, the court notes that plaintiffs' counsel represented three plaintiffs. In addition, the time spent on discovery was extensive in large part due to defendants' obstreperous tactics and their spirit of uncooperativeness. Plaintiffs' counsel has not sought reimbursement for travel time, conferences with local counsel, or time spent by the second lawyer who attended hearings. Moreover, plaintiffs have not sought to be reimbursed for time spent on the case by any attorneys other than the three principal attorneys on the case.

■ In determining reasonable fees, the Sixth Circuit has instructed the district courts to consider the time and labor required, the novelty and difficulty of the litigation, and the experience, reputation and ability of the attorneys. *Kelley v. Metropolitan County Bd. of Educ.,* 773 F.2d 677, 683 (6th Cir.1985), *cert. denied* 474 U.S. 1083, 106 S.Ct. 853, 88 L.Ed.2d 893 (1986). The court finds that significant time and labor were involved and that the issues were complicated. Plaintiffs' counsel represented three separate publishers prosecuting defendants for infringing six separate works. The stakes in this case were great as the six infringements at issue were merely the "tip of the iceberg" as defendants admitted selling hundreds of thousands of dollars of infringing coursepacks like those involved in the lawsuit each year. Plaintiffs' litigation team was experienced in copyright infringement actions having recently brought a similar copyright infringement action to trial.

In addition to the factors discussed above, the success achieved is also a crucial factor in determining the proper amount of fees. *Scales,* 925 F.2d at 910. In determining the success achieved, this court is guided by the Sixth Circuit's admonition that:

> In considering the result of litigation vis-a-vis a claim for fees, it is essential that, in cases such as the one at bar where Congress had authorized the recovery of fees, the court be cognizant that the result achieved is necessarily more than mere financial gain. The recovery of attorney fees is a tool utilized by Congress to encourage the vindication of congressionally identified policies and rights, as well as to enable the plaintiff to obtain damages without expense for legal assistance.

**524**

*United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 503 (6th Cir.1984). In this case, plaintiffs sought a permanent injunction against defendants' infringement of their copyrights, a declaration that defendants were willful infringers, an award of statutory damages for the six instances of willful infringement, and an award of reasonable attorneys fees. Plaintiffs achieved all of these results and statutory damages were awarded in favor of plaintiffs in the amount of $30,000. Although the statutory damages awarded are significantly less than the attorney fees sought, the court notes the success achieved is more than the financial gain and that the recovery of fees is necessary to protect copyright law and to encourage the litigation of meritorious infringement claims. Besides considering the success achieved, the court also weighs the fact that defendants have admitted spending more than $250,000 to defend the action.

Defendants argue that the hours plaintiffs claimed to have worked are grossly excessive. As an example, defendants point to the fact that plaintiffs claim to have spent 44.25 hours to respond to defendants' interrogatories when the responses were identical for each plaintiff. Having carefully reviewed plaintiffs' submissions, the court finds that some of the time allegedly spent preparing the case is higher than the court would expect. Thus, the court will reduce the fee award of $328,847.25 sought by plaintiffs by 10 percent. Such an overall reduction of fees has been approved by the Sixth Circuit. *Kelley,* 773 F.2d at 683. Thus, the court will award fees of $295,962.52.

In addition, because defendants have not objected to plaintiffs' request for out-of-pocket expenses in the amount of $30,356, the court will award those costs in full. The sum of attorney fees and out-of-pocket expenses totals $326,318.52. Accordingly,

IT IS ORDERED that plaintiffs' application for attorney fees hereby is GRANTED.

IT IS FURTHER ORDERED that plaintiffs are awarded attorney fees and costs in the amount of $326,318.52.