**ALOHA TOWER ASSOCIATES PIERS 7, 8 AND 9, LIMITED PARTNERSHIP, Plaintiff,**

**v.**

**MILLENNIUM ALOHA, INC. and FT/SJ Honolulu, L.P., dba Fat Tuesday, Defendants.**

**ALOHA TOWER ASSOCIATES PIERS 7, 8 AND 9, LIMITED PARTNERSHIP, Plaintiff,**

**v.**

**MILLENNIUM ALOHA, INC. and FT/SJ Honolulu, L.P., dba Sloppy Joe's, Defendants.**

Civil Nos. 95–00624 ACK, 95–00625 ACK.

United States District Court, D. Hawai'i.

April 2, 1996.

Christine E. Murai, Takushi Funaki Wong & Stone, Honolulu, HI, for plaintiff.

Christopher S. Goodwin, Tam O'Connor & Henderson, Honolulu, HI, for defendants.

### ORDER REMANDING MAGISTRATE'S FINDINGS AND RECOMMENDATION FILED FEBRUARY 27, 1996

KAY, Chief Judge.

#### BACKGROUND

By order filed November 27, 1995, this Court ordered that this consolidated action be remanded to state court upon joinder of FT/SJ Honolulu, L.P. ("FT/SJ") and ordered defendant Millennium Aloha, Inc. ("Millennium"), pursuant to 28 U.S.C. § 1447(c), to pay plaintiff Aloha Tower Associates Piers 7, 8

and 9, Limited Partnership ("ATA") its "reasonable attorneys' fees, just costs and any actual expenses incurred as a result of the removal of the actions."

On January 9, 1996, after joining FT/SJ as contemplated, ATA filed an *ex parte* motion to remand along with a request for attorneys' fees and costs. On January 10, 1996, Millennium filed an objection to ATA's request. By order filed January 16, 1996, the Court ordered remand and directed ATA to file its request for fees and costs with the Magistrate, which it did on January 19, 1996. On February 27, 1996, Magistrate Yamashita filed his Findings and Recommendation, to which both parties have objected.[1] This Court now REMANDS this matter to the Magistrate for further consideration.

### STANDARD OF REVIEW

Although the Magistrate styled his report a "findings and recommendation," this Court finds that on remand, consistent with Local Rule 401-7, the Magistrate should adjudicate the request for attorneys' fees and costs as a Special Master in accordance with 28 U.S.C. § 636(b)(2) and Federal Rule of Civil Procedure 53.

Rule 53(e)(2) provides in relevant part:

In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous.... The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

Questions of law are reviewed on appeal *de novo*. *See Twenty–Three Nineteen Creekside, Inc. v. Comm'r*, 59 F.3d 130, 131 (9th Cir.1995).

### DISCUSSION

### I. OBJECTIONS BY MILLENNIUM

■ Millennium first objects that under *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487 (9th Cir.1995), the Magistrate erred in failing to make explicit findings that the various fees and costs awarded were "incurred as a result

of the removal" of the actions. *Id.* at 490; 28 U.S.C. § 1447.

*Baddie* states:

The language of section 1447(c) refers to the payment of expenses 'incurred as a result of the removal.' When defendants remove a case improperly, for example, they cause the plaintiffs to incur the expense of seeking a remand. That expense is a direct result of the removal, and section 1447(c) permits the plaintiffs to recoup that expense. In contrast, other fees and costs incurred in federal court after a removal may be related only tenuously to the removal, as when they replace similar fees and costs that would have been incurred in state court if the litigation had proceeded there. Such fees and costs cannot be considered 'incurred as a result of the removal.'

*Id.*, 64 F.3d at 490.

The Court finds that the Magistrate did indicate in his F & R that the attorneys' fees and costs awarded were "incurred as a result of the removal." First, he noted that this Court ordered Millennium to pay ATA its "reasonable attorneys' fees, just costs and any actual expenses *incurred as a result of the removal of the actions*." F & R at 3 (emphasis added). Second, the Magistrate cited the affidavit of ATA's main counsel, Robert M. Ehrhorn, Jr., which states that the fees incurred were those "which would not have been incurred but for the removal of these actions to federal court." F & R at 5; *see also* Plaintiff's Response to Defendant's Objections, filed March 18, 1996. On remand, however, in light of *Baddie*, the Magistrate should make a more explicit finding regarding whether the specific fees and costs awarded were "incurred as a result of the removal."

■ The Court notes that Millennium's specific objection, in its memorandum filed on January 10, 1996 in response to ATA's *ex parte* motion to remand, that fees and costs incurred in relation to ATA's motion to consolidate in federal court were not "incurred

---

1. Millennium filed its objection on March 4, 1996, and ATA filed its objection on March 12, 1996. Millennium filed a response to ATA's objection on March 14, 1996, and ATA filed a response to Millennium's objection on March 18, 1996.

as a result of the removal" because ATA would have sought consolidation anyway in state court, is meritless. Consolidation enhanced judicial economy in federal court. Had ATA not moved to consolidate, it probably would have incurred *more* fees and costs for which Millennium would be responsible.

## II. OBJECTIONS BY ATA

ATA objects to the Magistrate's recommendations (1) that its request for attorneys' fees be reduced by half and (2) that its request for computer-assisted legal research ("CALR") costs (for LEXIS and Westlaw) be denied as "part of the firm's general overhead."

### A. Reduction in Fees

■ In his F & R, the Magistrate refused to accept counsel for ATA's representation at the hearing that identical fees billed to each matter represented only 50% of the total amount of work done, on the grounds that counsel for ATA apparently billed a total of two hours for a Rule 16 scheduling conference which lasted no more than 30 minutes, and accordingly cut ATA's request for attorneys' fees in half. *See* F & R at 7–8.

ATA has explained in its objection, however, that the offending time entry actually reads: "Attend scheduling conference in federal court; attend oral argument on Motion to Dismiss in district court." ATA's counsel Elizabeth A. Kane explains in her declaration attached to ATA's objection that she attended a scheduling conference before the Magistrate from approximately 8:20 a.m. until shortly after 9:00 a.m. and then went to Honolulu District Court where she attended oral argument on a motion to dismiss on the grounds of abatement filed by FT/SJ Honolulu, L.P. Ms. Kane states she returned to her office at approximately 10:30 a.m. *Id.* at ¶ 4.

■ Given counsel for ATA's further explanation, it would seem that at least some portion of the claimed attorneys' fees is not duplicative. On the other hand, the Magistrate also found that even accepting counsel for ATA's explanation, "Plaintiff['s] request for fees are excessive . . . [and] [i]ndeed, the

billing for one defendant is reasonable for the work accomplished." F & R at 7. On remand, the Magistrate should determine anew the proper fee to be awarded in light of counsel for ATA's explanation of the time entries and overall reasonableness. Moreover, the Magistrate should determine in the first instance whether fees and costs incurred in connection with *state* court proceedings properly may be awarded under § 1447(c).

### b. CALR Costs

■ This Court finds that CALR costs are not recoverable because part of firm overhead only where the firm pays a flat fee for the service. Where CALR costs are incurred on a *transactional* basis (for example, search by search), however, such costs are not properly considered part of firm overhead. *See In re Continental Illinois Sec. Litig.,* 962 F.2d 566, 570 (7th Cir.1992) (finding that CALR costs were part of firm overhead was clearly erroneous). Based on the charge details submitted by ATA with its objections, such appears to be the case here.

Assuming CALR costs were incurred transactionally, whether such costs are recoverable depends on what authority (statutory or otherwise) is asserted as the basis for such entitlement. CALR costs are not recoverable under Federal Rule of Civil Procedure 54(d) or 28 U.S.C. § 1920 because such costs are not enumerated in section 1920. *See West Virginia Univ. Hospitals, Inc. v. Casey,* 499 U.S. 83, 86, 111 S.Ct. 1138, 1140, 113 L.Ed.2d 68 (1991) (28 U.S.C. § 1920 "define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further"); *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, · 107 S.Ct. 2494, 2497–98, 96 L.Ed.2d 385 (1987) ("§ 1920 defines the term 'costs' as used in Rule 54(d). . . . The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920."); *Alflex Corp. v. Underwriters Lab., Inc.,* 914 F.2d 175, 176 (9th Cir.1990) (quoting *Crawford* ); *Agredano v. Mut. of Omaha Companies,* 75 F.3d 541, 543 (9th Cir.1996) ("[§ 502(g)(1)'s] allowance for 'costs of action'

[empowers] courts to shift only the types of 'costs' a court may tax under 28 U.S.C. § 1920.") (footnote omitted); *Shillinglaw v. Sys. Works, Inc.*, 1994 WL 11728 (N.D.Ga. 1994) (court's "discretion to award costs is limited by 28 U.S.C. § 1920").

However, CALR costs not recoverable under 28 U.S.C. § 1920 may be recoverable instead as out-of-pocket litigation expenses reimbursable as part of (or "incidental to") an award of attorneys' fees under some provision or authority other than § 1920. *See United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990) (litigation expenses outside scope of § 1920 recoverable by civil rights plaintiffs under 42 U.S.C. § 1988); *In re Continental Illinois Sec. Litig.*, 962 F.2d 566, 568, 570 (7th Cir. 1992) (lawyers for plaintiff class in securities class action entitled to CALR out-of-pocket litigation expenses from "cornucopia" they created, under principles of restitution); *Essex Home Mortgage Servicing Corp. v. Century Mortgage Co., Inc.*, 1995 WL 301418, *2 (D.Mass.1995) ("§ 1920 does not include computerized legal research fees as a taxable cost. Westlaw fees relate to legal fees, which are not collectable here, and many of the cases cited by defendants in support of that request involve situations where attorneys' fees were collectable [citing as an example *United Nuclear Corp. v. Cannon*, 564 F.Supp. 581, 591–92 (D.R.I.1983) ]."); *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D.Ore.1995) (finding that CALR costs are not expressly or implicitly authorized by § 1920 and agreeing with "modern jurisprudential trend which treats computerized legal research fees as a component of attorney's fees rather than costs under § 1920").

■ Here, 28 U.S.C. § 1447(c) provides authority for an award of "reasonable attorneys' fees, just costs and any actual expenses incurred as a result of the removal of the actions." The Court finds that CALR costs are awardable here either as a part of reasonable attorneys' fees or alternatively on their own as "just costs" or "actual expenses." The Court agrees with the reasoning of Judge Posner of the Seventh Circuit in *In re Continental Illinois Sec. Litig.*, 962 F.2d 566 (7th Cir.1992):

If computerized research expense were customarily [considered part of firm overhead], lawyers' hourly rates would be even higher than they are, requiring an adjustment in the lodestar. But the more important point is that the market—the paying, arms' length market—reimburses lawyers' LEXIS and WESTLAW expenses, just as it reimburses their paralegal expenses, rather than requiring that these items be folded into overhead. Markets know market values better than judges do. And as with paralegals, so with computerized research: if reimbursement at market rates is disallowed, the effect will be to induce lawyers to substitute their own, more expensive time for that of the paralegal or the computer.

*Id.* at 570.

On remand, the Magistrate should determine in light of the above discussion to what extent ATA is entitled to CALR costs. *See* F & R at 9.

### CONCLUSION

Per the above, the Court REMANDS the Magistrate's Findings and Recommendation.

IT IS SO ORDERED.