**WINFIELD COLLECTION LIMITED,**
**Plaintiff/Counter–Defendant,**

v.

**GEMMY INDUSTRIES CORPORATION, Defendant/Counter–Claimant.**

**No. CIV. 02–40249.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 18, 2004.

John E. Nemazi, Brooks & Kushman (Southfield), Robert C. Brandenburg, Brooks & Kushman (Southfield), Robert C.J. Tuttle, Brooks & Kushman (Southfield), Southfield, MI, for Winfield Collection, Limited, Plaintiff.

Richard W. Hoffmann, Warn, Burgess, Joseph G. Burgess, Warn, Burgess, Auburn Hills, MI, for Gemmy Industries Corporation, Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ATTORNEY FEES AND ASSOCIATED EXPENSES

GADOLA, District Judge.

On March 30, 2004, the Court granted Defendant's summary judgment motion in this copyright infringement action and awarded Defendant declaratory relief pursuant to its counterclaim. *See Winfield Collection Ltd. v. Gemmy Indus. Corp.*, 311 F.Supp.2d 611, 618 (E.D.Mich. 2004) (Gadola, J.). On April 12, 2004, pursuant to 17 U.S.C. § 505, Defendant filed a motion for attorney fees and associated expenses, and, on April 13, 2004, Defendant filed a supplement to this motion. *See* Fed.R.Civ.P. 54(d)(2). On April 22, 2004, Plaintiff filed a response to the motion as well as objections to the fees and expenses contained within the motion and its supplement. On May 6, 2004, Defendant filed a reply in support of its motion and a response opposing Plaintiff's objections. On May 13, 2004, Plaintiff filed a reply in support of its objections.

As Defendant was completely successful in every meaningful and dispositive aspect of this action, Defendant qualifies as a prevailing party under § 505. *See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 522, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994); *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Def. Reply Br. at 1. Moreover, the Court's March 30 opinion clearly demonstrates that Plaintiff's complaint was frivolous and objectively unreasonable, and, further, it is important to deter Plaintiff from bring such claims in the future. *See Fogerty v. MGM Group Holdings Corp.*, 379 F.3d 348, 356 (6th Cir.2004); *Columbia Pictures Indus., Inc. v. T & F Enters., Inc.*, 68 F.Supp.2d 833, 841 (E.D.Mich. 1999) (Gadola, J.); Def. Br. at 2–5; Def. Rep. Br. at 2–4. For all of these reasons, Defendant is entitled to attorney fees.

Defendant seeks $50,376.17 in attorney fees. This figure is well-documented, appropriate, and reasonable—especially in light of the fact that the median cost for taking such an intellectual property suit through discovery was $298,000.00 in 2003, according to the American Intellectual Property Law Association, and this suit went well beyond discovery. *See Hensley*, 461 U.S. at 434, 103 S.Ct. 1933; Def. Br. at 5–7 & Ex. A; Def. Supp. Ex. B.; Def. Reply Br. at 4–5; Def. Resp. to Pl. Objs. at 1–6.

However, in addition to attorney fees, Defendant requests $2,375.61 in associated expenses to which Plaintiff has objected. *See Princeton Univ. Press, Mac-*

*Millan, Inc. v. Mich. Document Servs. Inc.*, 869 F.Supp. 521, 524 (E.D.Mich.1994). This request fails to comply with Rule 54(d)(2)(B), which requires the movant to specify the statute, rule, or other ground that permits the requested award. *See* Pl. Objs. at 2. Defendant's claimed associated expenses go beyond the normal costs of action allowed by Rule 54(d)(1) and § 505, *see also* 28 U.S.C. § 1924, and Defendant has failed to cite any authority to support the award of such associated expenses. *See* Pl. Objs. at 2. Thus, the $2,375.61 in associated expenses is not allowable.

**ACCORDINGLY, IT IS HEREBY OR-DERED** that Plaintiff's objections are **SUSTAINED IN PART and OVER-RULED IN PART.**

**CONSEQUENTLY, IT IS FURTHER ORDERED** that, for reasons set forth above, Defendant's motion for attorney fees and associated expenses, with its supplement, [docket entry 50] is **GRANTED IN PART** and **DENIED IN PART:** pursuant to 17 U.S.C. § 505, Plaintiff shall pay Defendant **$50,376.17** in attorney fees.

**SO ORDERED.**