**CLARK**

v.

**SAFEWAY STORES, Inc. et al.**

No. 7985.

United States District Court
W. D. Missouri, W. D.

Dec. 11, 1953.

Samuel Trusty, Kansas City, Mo., and Patrick Slattery, Kansas City, Mo., for plaintiff.

Hogsett, Depping, Houts & James, Kansas City, Mo., for defendants.

REEVES, District Judge.

When the above case was removed to this court there was a diversity of citizenship and the amount in controversy was within the jurisdiction of the court. There was no question but that the court acquired jurisdiction of the case.

Subsequently the plaintiff amended his complaint by joining a local defendant (Irvin Kresse) and thereupon filed his motion to remand upon the ground that there was no such a diversity of citizenship as would confer jurisdiction upon this court, but, rather, by the amendment the court lost jurisdiction.

The removing defendant vigorously resisted the motion upon the ground that the amendment was without its consent, and, moreover, that the complaint does not state a joint cause of action so as to oust the court of jurisdiction.

Rule 15 Federal Rules of Civil Procedure, 28 U.S.C.A., and paragraph (a) thereof specifically provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading *only by leave of court or by written consent of the adverse party*". (Emphasis mine.)

It was further provided that, "* * * leave shall be freely given when justice so requires."

The plaintiff obtained leave of court to file his amended complaint and the

written consent of the adversary party was unnecessary. An examination of the amended complaint shows very clearly that a joint cause of action is stated.

It is provided, however, by section 1447(c) Title 28 U.S.C.A. that upon remand the court "may order the payment of just costs." It has been the practice where a case was properly removed and then by amendment the plaintiff secured a remand, that judgment for costs should be imposed upon the plaintiff. Accordingly, the plaintiff will be adjudged to pay the costs accrued in the removal and remand of the case, and it will be so ordered.