Richard DUARTE, Margaret Duarte, Stella Duarte, Harriet Duarte, and Diana Esteban, Plaintiffs,

v.

Richard Robert DONNELLEY, Defendant.

Civ. No. 2568.

United States District Court
D. Hawaii.

April 5, 1967.

Joseph A. Ryan, Clinton I. Shiraishi, Lihue, Kauai, Hawaii, for plaintiffs.

A. Singleton Cagle, Smith, Wild, Beebe & Cades, Honolulu, Hawaii, for defendant.

## DECISION ON MOTION TO REMAND

PENCE, Chief Judge.

On July 25, 1964, on the Island of Kauai—some 100 over-water miles from this court in Honolulu—plaintiffs, Richard Duarte, his wife Margaret Duarte, their two minor children Stella and Harriet, and a friend Mrs. Diana Esteban, were injured in an automobile collision with a car driven by the defendant, Richard Robert Donnelley. The plaintiffs are all citizens of Hawaii and the defendant is a citizen of Illinois.

Plaintiffs filed this tort action on February 24, 1966 in the Circuit Court of the Fifth Circuit of the State of Hawaii, i. e., on Kauai, praying for unspecified special damages plus general damages of $25,000 for each plaintiff. Service was not made upon the defendant until August 20, 1966.

On September 1, 1966, defendant filed in this court in Honolulu his petition for removal of the case to this court on the basis of his diversity of citizenship. (28 U.S.C.A. § 1441.) On September 14, plaintiffs filed a motion to remand, claiming that the case was improperly removed and not within the jurisdiction of this court in that the matter in controversy did not exceed $10,000 for any one of the above plaintiffs. An additional ground for the motion was that the doctrine of forum non conveniens should be applied since all of the plaintiffs and their witnesses reside on the Island of Kauai, and that it would be inequitable from the standpoint of costs and inconvenience to force plaintiffs to try their case in the United States District Court in Honolulu.

Attached to plaintiffs' motion were nine exhibits, consisting of doctors' and hospital bills and medical reports pertaining to the injuries of the several plaintiffs. These exhibits reflected that Richard Duarte had a $4.00 doctor bill for his first and only examination after the accident, for unspecified injuries. Mrs. Margaret Duarte apparently was injured in the chest and left arm. Her doctor's reports indicate that three days after the accident "she had a very painful left anterior chest wall condition and was unable to raise her left arm * * * and a diagnosis of Severe Muscle Contusion was made. * * * Because of continued distress in her left chest area, she was hospitalized" for nine days for extensive extra examination and was discharged from the hospital on August 11, 1964, "with the diagnosis of Severe Muscle Contusion of the Left Pectoral Muscles." Her doctor and hospital bills totaled $375.75. Stella Duarte's doctor bill was $3.00 for "slight abrasion right anterior lower leg." Harriet Duarte apparently had a one-half inch laceration on the top of the head which was repaired in the hospital emergency after the accident. Charges for this service, if any, do not appear in the record. Diana Esteban's head apparently struck the car mirror, in the collision, for which she had two office visits within the following four days, with x-rays of the skull and neurological examination, with no evidence of skull fracture or neurological injury being found. The doctor's bill for these two examinations was but $8.00. Plaintiffs' exhibits reflected no charges for Mrs. Esteban's skull x-ray, reportedly taken.

[1] From the posture in which these exhibits were presented to this court by the plaintiffs, the court assumes, and this decision is founded in material part upon that assumption, that there has been no medical treatment of any plaintiff, then or subsequent thereto, other than as reflected in the exhibits; that no injuries were permanent; and that the plaintiffs intended the court to act upon those assumptions.

In further support of plaintiffs' motion to remand, plaintiffs have represented to this court that the maximum worth of the claims of any of the plaintiffs, as

reflected by settlement negotiations with the defendant, could not exceed the sum of $6,500 for Margaret Duarte, with lesser sums for the other plaintiffs; that the highest settlement figure submitted by the defendant was $1,000 for Margaret Duarte; that thereafter plaintiffs had offered to settle Margaret Duarte's claim for $3,000, Richard Duarte's for $1,500, Harriet Duarte's for $500, Stella Duarte's for $500, and Diana Esteban's for $750.

From these representations of the plaintiffs, this court assumes, and this decision is founded in material part upon such assumption, that the plaintiffs are representing to this court that none of the plaintiffs' claims can honestly be worth more than the settlement figures; that this or any other court would be compelled to cut down or set aside as grossly excessive a judgment for any plaintiff, if such judgment exceeded the figures submitted in the plaintiffs' Supplemental Memorandum in Support of Motion to Remand.

The court also assumes from plaintiffs' memorandum that all of the above facts regarding settlement figures and plaintiffs' values were known to the defendant prior to defendant petitioning for removal.

The court assumes that all of the above representations are true and have been made by the plaintiffs in good faith, and are intended to be interpreted and acted upon by this court in the manner and to the extent indicated above.

This court has often said during informal settlement conferences in a multitude of tort cases that settlement figures are not to be construed as representing the true worth of any party's claim, nor should such figures, offered in compromise, be used as a yardstick in determining whether diversity jurisdiction can lie. The settlement figures in this case, however, were not presented to the court in the usual context but rather were representations of fact made by the plaintiffs to the court with the intendment that the court should assume that they reflect the top judgments which any finder of the fact could possibly allow upon any one of the plaintiffs' several claims.

As stated in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 290–293, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938), when a suit is instituted in a state court and then removed to the federal court "there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court." Under such circumstances "the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove. * * * And though * * * the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."

As appears from the above, absent other overruling factors, this case could not now be remanded to the state court.

The Court in St. Paul Mercury Indemnity did not hold, however, that the status of the case as disclosed by the plaintiff's complaint was absolutely controlling upon motion for remand, even though it is controlling for the purpose of removal. Also, it did not hold that federal jurisdiction attaches solely by virtue of the amount claimed in the proceedings. St. Paul Mercury Indemnity assumes that at some point federal jurisdiction had attached prior to remand proceedings. If at any time before final judgment the court finds it is without jurisdiction, i. e., that federal jurisdiction had never attached, it must remand.[1]

As indicated in St. Paul Mercury Indemnity, when there is evidence that the defendant, when he removed the cause, knew or had reason to believe that the plaintiff's claim involved less than

---

1. See 28 U.S.C.A. § 1447(c) and cases cited in Notes of Decisions, Nos. 141–240.

$10,000, the court may take that into consideration in acting upon a motion to remand. As noted by the Supreme Court (Note 23, 303 U.S. at 293, 58 S.Ct. 586), in Turmine v. West Jersey & S. R. Co., D.C., 44 F.2d 614 and American Stores Co. v. Gerlach, 3 Cir., 55 F.2d 658, where it appeared at trial that plaintiff's injuries and losses were so slight that a verdict for more than a fraction of the large damages claimed could not be sustained, the courts remanded.

■ From the affidavits with plaintiffs' motion to remand,[2] it appears that from the settlement discussions and from defendant's offers in settlement that the defendant had reason to believe that each and every one of the plaintiffs' claims involved less than $10,000 and that plaintiffs' injuries and losses were so slight that a verdict for more than a fraction of $10,000 could not reasonably be expected to be sustained. Under these circumstances, jurisdiction in a federal court could never have attached.

The cause is remanded to the Circuit Court of the Fifth Circuit of the State of Hawaii.

Plaintiffs' argument for remand on a theory of forum non conveniens so borders upon the frivolous that it might well be considered so. Enough!

■ Each party has asked that they be awarded their respective costs and disbursements incurred by reason of the removal and remand proceedings. The action was filed in February 1966, some nineteen months after the automobile collision and some eighteen months after a doctor's last treatment of any one of the plaintiffs. By the time the suit was filed, plaintiffs' attorney should have known that not one plaintiff could have had any reasonable expectation of sustaining a judgment for the jurisdictional amount—as now urged by the plaintiffs themselves. Even less could have been the expectation of recovering $25,000 each, as prayed for in the complaint. It appears to this court that plaintiffs' attorney in signing the complaint might well have violated the spirit of Rule 11. At the time the case was filed, plaintiffs' counsel could not know for certain that defendant would file a motion for removal to the federal court on the grounds of diversity. The possible violation of the spirit of Rule 11, therefore, was committed, if at all, under a state rule similar to Rule 11 of the Federal Rules of Civil Procedure, and the matter of possible violation thereof is referred to the state court for such action as that court deems advisable.

■ Even though, as above indicated, the court in remanding has found that defendant's counsel may well have had reason to believe that none of the plaintiffs' claims involved over $10,000, nevertheless it was not until the plaintiffs made their representations in their motions to remand that defendant could have been certain that defendant's judgment was correct. If the defendant were to exercise the right to remove given him by the diversity and ad damnum factors of the complaint, he had but thirty days from August 20, 1966 within which to do so. (28 U.S.C.A. § 1446(d).) For the protection of his client's rights, it was necessary that counsel act within that time or not at all; thus it was proper for the defendant to petition for removal. If plaintiffs had wished to avoid all possibility of removal, then during the period of settlement discussions which, apparently, were going on from February 1966 until July 1966, plaintiffs could have amended their complaint to lower the ad damnum in each case to not more than $10,000. Having not done so, the responsibility for the removal and subsequent proceedings rests upon the shoulders of the plaintiffs. Defendant is therefore awarded costs incurred in both removal and remand proceedings.

2. Defendant here filed no exhibits or affidavits in opposition to plaintiffs' motion.