Dawne BADDIE; Patricia L. Smith, Plaintiffs–Appellants,

v.

BERKELEY FARMS, INC.; Doug Sheehan; Gilbert Rodriguez, Beverly Bazemore, et al., Defendants–Appellees.

No. 93–17187.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 1995.

Decided Aug. 23, 1995.

Scott Edward Cole, Alameda, CA, and Timothy P. Rumberger, Berkeley, CA, for plaintiffs-appellants.

George J. Barron and Gerald J. Karczewski, Donahue, Gallagher, Woods & Wood, Oakland, CA, for defendants-appellees.

Before: NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges.

WIGGINS, Circuit Judge:

## OVERVIEW

This case considers whether 28 U.S.C. § 1447(c) authorized the district court to award defendants their fees incurred between removal and remand, where both removal and the subsequent remand were proper.

Section 1447(c) authorizes the district court when remanding a case to award costs and fees incurred as a result of the removal. Shortly after this action was properly removed to federal court on the basis of federal subject matter jurisdiction, plaintiffs dismissed all federal claims and secured a remand. In its order of remand, the district court found that plaintiffs' "manipulative pleading practices" had precipitated both removal and remand, and the court awarded fees to the defendants. We hold that plaintiffs' decision to plead both state and federal claims in state court and to dismiss the federal claims after removal was not conduct for which section 1447(c) authorizes the award of fees. Consequently, we reverse the fee award.

## BACKGROUND

On May 26, 1993, plaintiffs Dawne Baddie, Patricia Smith, and Mary Schwartz filed an employment discrimination action in state court. One of plaintiffs' claims alleged that union defendants had breached their duty of fair representation. Because that claim would involve the application of a collective bargaining agreement ("CBA"), the union defendants, with the consent of all defendants, removed the action to district court on June 24, 1993, pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. § 1441. The district court found that the complaint clearly alleged federal causes of action. Removal had been proper.

On July 9, 1993, plaintiffs filed a first amended complaint and moved for remand. The unopposed amended complaint dropped plaintiff Mary Schwartz, added two defendants, and omitted the claims that explicitly involved the CBA. The remaining defendants opposed remand because the amended complaint still indirectly involved the CBA.

Plaintiffs were, as the district court wrote in its order, "apparently quite desperate to avoid federal court." On July 30, 1993, plaintiffs announced in their reply brief that they had decided to dismiss the union defendants, thus eliminating any need to interpret the CBA. Plaintiffs then moved to file a second amended complaint omitting the union defendants. That motion was denied as not timely noticed for the hearing, but the court nevertheless dismissed the union defendants with prejudice. The court allowed the unopposed first amended complaint.

As a result, the case consisted of solely state law claims against Berkeley Farms and five of its employees. Over the remaining defendants' opposition, the district court granted plaintiffs' motion to remand. The district court found, however, that both removal and remand had been precipitated by plaintiffs' "manipulative pleading practices." The court therefore awarded the remaining defendants the fees they incurred in opposing plaintiffs' successful motion to remand. Plaintiffs appeal both the award and its amount.

## DISCUSSION

The district court believed that the award of fees was authorized by 28 U.S.C. § 1447(c) (1989), which states:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal.... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.*

(Emphasis added). Plaintiffs argue that section 1447(c) does not authorize an award of fees in this case. We agree. If section 1447(c) does not authorize the award, defendants argue that the award should be affirmed on the basis of Fed.R.Civ.P. 11. We find no basis for Rule 11 sanctions.

## I. STANDARD OF REVIEW

■ Although awards of attorneys fees are generally reviewed only for abuse of discretion, this court reviews *de novo* the legal question of whether section 1447(c) authorizes the fee award. *See Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 445–46, 447 (9th Cir.1992).

## II. 28 U.S.C. § 1447(c) DOES NOT AUTHORIZE THE AWARD

Plaintiffs argue that section 1447(c) authorizes the award of costs and fees only to the party prevailing on the motion for remand. We do not reach the question whether section 1447(c) ever authorizes the award of costs and fees to the non-prevailing party. Instead we resolve this case on narrower grounds. We hold that the fee award in this case was unauthorized because (1) section 1447(c) does not authorize an award of costs or fees when the initial removal was proper;[1] and (2) it would be an abuse of discretion under any reading of the statute to penalize plaintiffs who, knowing that a state court forum is more important to them than their federal claims, nevertheless plead both state and federal claims in state court, with the intent to dismiss federal claims later to avoid federal court if the defendant removes.[2]

### A. *Statutory Language*

■ The language of section 1447(c) refers to the payment of expenses "incurred as a result of the removal." When defendants remove a case improperly, for example, they cause the plaintiffs to incur the expense of seeking a remand. That expense is a direct result of the removal, and section 1447(c) permits the plaintiffs to recoup that expense. In contrast, other fees and costs incurred in federal court after a removal may be related only tenuously to the removal, as when they replace similar fees and costs that would have been incurred in state court if the litigation had proceeded there. Such fees and costs cannot be considered "incurred as a result of the removal."

■ Where the removal was proper but plaintiffs take action subsequent to removal to precipitate remand, the expense of opposing remand would not have been incurred absent the removal. That expense, however, is proximately caused by the plaintiffs' subsequent action rather than by the removal itself. Such an expense, therefore, is not "a result of the removal," and therefore is not authorized under section 1447(c).

### B. *Propriety of Plaintiffs' Conduct*

■ Even if section 1447(c) authorized an award of fees or costs where the initial removal was proper, it would have been an abuse of discretion to impose such an award in this case. A plaintiff is entitled to file both state and federal causes of action in state court. The defendant is entitled to remove. The plaintiff is entitled to settle certain claims or dismiss them with leave of the court. The district court has discretion to grant or deny remand. Those are the pieces that comprise plaintiffs' allegedly manipulative pleading practices. We are not convinced that such practices were anything to be discouraged.[3]

---

1. We leave for another day the question of whether a plaintiff who intentionally misleads the defendant into thinking that the case is subject to federal removal jurisdiction when it is not may be forced to bear the costs of such imprudence. *See, e.g., Vaughan v. McArthur Bros.,* 227 F. 364 (8th Cir.1915).

2. Only four published opinions have read section 1447(c) to authorize an award of fees or costs against plaintiffs. Three involved a removal that was, at the outset, improper, and thus they are not inconsistent with the conclusion we reach today. *See Vaughan,* 227 F. 364 (removal improper based on diversity improper because plaintiff mispled residency in complaint); *Duarte v. Donnelley,* 266 F.Supp. 380, 384 (D.Haw.1967) (removal improper because amount in controversy was

below jurisdictional limit); *Barraclough v. ADP Automotive Claims Servs., Inc.,* 818 F.Supp. 1310 (N.D.Cal.1993) (removal improper because plaintiff's only federal claim was, by her own admission, frivolous). *But see Clark v. Safeway Stores, Inc.,* 117 F.Supp. 583 (W.D.Mo.1953) (remand forced by plaintiff's subsequent amendment of complaint to join a local defendant).

3. Naturally, if plaintiffs' initial inclusion of the union defendants and federal claims was in bad faith or for the sole purpose of putting defendants through the removal-remand procedure, the state court should sanction plaintiffs on remand. Also, if the action had progressed so far in federal court before the federal claims were dismissed that remand would have been unfair to

The district court reasoned that plaintiffs had been "manipulative" because: "If plaintiffs wished to avoid federal court, they should have dropped their federal claims before ever filing a complaint." We disagree. Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

### C. *Conclusion*

Because we do not believe that plaintiffs' conduct in this case was conduct that the statute was intended to discourage, we conclude that the award of fees to defendants was not authorized by section 1447(c).

### III. THE AWARD OF FEES CANNOT BE AFFIRMED ON THE BASIS OF RULE 11

Defendants argue that the award of sanctions should be affirmed on the basis of Fed.R.Civ.P. 11. Plaintiffs, citing *Hurd v. Ralphs Grocery Co.*, 824 F.2d 806, 808 (9th Cir.1987), argue that Rule 11 does not cover pleadings filed in state court prior to removal. Regardless, the district court did not find that the inclusion of the union defendants and federal claims had been frivolous or in bad faith. Rather, the district court believed plaintiffs' pleading practices had been "manipulative" because the union defendants and

---

federal claims were dropped subsequent to removal and solely in order to obtain remand. Because we find nothing reprehensible about plaintiffs' maneuvers, Rule 11 sanctions would not be warranted.

The award of fees to defendants is reversed. Defendants' request for fees and costs of this appeal is denied.

---

defendants, the district court had discretion to deny remand and hear the case under its pendent jurisdiction. In this case, however, the federal claims were dismissed so promptly that defendants suffered no prejudice from removal, other than the self-imposed expense of opposing remand.