131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark L. SMITH, an Alaska resident; Smith Lighterage,
Company, Inc., an Alaska corporation, Plaintiffs-Appellees,
v.
AON RISK SERVICES, INC., a/k/a and d/b/a Rollins Hudig Hall
of Washington, Inc.; Gale's Tendering Services,
an Alaska partnership; James R. Johnson
and Gale F. Johnson, Alaska
residents, Defendants,
and
Royal Insurance Company of America; John Deere Insurance
Company; International Specialty, Inc.; Great
American Insurance Company, Defendants-Appellants.
 No. 97-35035.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Alaska, D.C. No. CV-96-00323-JKS.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 SINGLETON, J.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Royal Insurance Company of America and other insurers (collectively, "Underwriters") appeal the district court's order awarding attorneys fees and costs under 28 U.S.C. § 1447(c) to Mark Smith and Smith Lighterage Company (collectively, "Smith"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's award of attorneys fees and costs under 28 U.S.C § 1447(c) for an abuse of discretion. See Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447 (9th Cir.1992). We review de novo whether section 1447(c) authorizes an award of attorneys fees and costs. See Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490 (9th Cir.1995).
 
 
 4
 Underwriters contend that the district court erred as a matter of law and abused its discretion when it awarded attorneys fees and costs to Smith because section 1447(c) does not authorize an award of fees or costs when the initial removal was proper. We disagree.
 
 
 5
 "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). All defendants must join in a removal petition. See 28 U.S.C. § 1446(a); Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co., 644 F.2d 1310, 1314 (9th Cir.1981).
 
 
 6
 Here, Underwriters removed the case to federal court based on diversity of citizenship. However, Aon Risk Services, a defendant in the state action, did not join in Underwriters' removal petition. Thus, section 1447(c) authorized an award of attorney fees and costs incurred in conjunction with the remand because the initial removal was improper. See 28 U.S.C. §§ 1446(b) & 1447(c). Accordingly, the district court did not abuse its discretion by awarding attorneys fees and costs. See Moore, 981 F.2d at 447.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellants' request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3