141 F.3d 1173
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Katherine ARIZA, Plaintiff-Appellant,
v.
VALLICORP, INC., a California Corporation, Defendant-Appellee.
 No. 97-15472.
D.C. No. CV-96-05029-REC.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 10, 1998.
Decided March 31, 1998.
 
 1
 Appeal from the United States District Court for the Eastern District of California, Robert E. Coyle, Chief District Judge, Presiding.
 
 
 2
 Before CANBY and KOZINSKI, Circuit Judges, and WEINER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Ariza claims that she was fired because of her request for leave under the Family and Medical Leave Act. Ariza only appeals the trial court's grant of summary judgment on the FMLA and California Family Rights Act causes of action.
 
 
 5
 Judicial estoppel does not apply to Ariza's claim. At the time of her termination, Ariza presented a doctor's note stating that she would need a thirty-day leave of absence. This note did not state that she was permanently disabled. Therefore, Ariza did not make inconsistent statements regarding her future ability to work: She merely stated that she could not work for at least thirty days, which is within the allotted leave time of the FMLA.
 
 
 6
 Ariza has established a prima facie case of discrimination under the FMLA and CFRA. Ariza concedes she was unable to return to work after her period of leave. At the time of her termination, however, her ability to return to work was still in doubt. Vallicorp fired Ariza without knowing whether she would ultimately be able to return to work, and may have done so in violation of the FMLA. See 29 U .S.C. § 2615(a)(2).
 
 
 7
 Vallicorp claims it fired Ariza for a legitimate, nondiscriminatory reason, namely that she was responsible for a cash shortage on January 21, 1994. However, Vallicorp had not made a final decision regarding the shortage by February 1, 1994, when Ariza requested medical leave. Her termination just days later, on February 4, 1998, raises an inference that she may have been fired because of her leave request, not because of the cash shortage.[1]
 
 
 8
 Ariza concedes that she has no remedy under the FMLA: She was unable to return to work, cannot be reinstated, and is unable to recover back pay. Thus, we affirm the grant of summary judgment on the FMLA claim. However, Ariza may have a remedy under state law. Accordingly, we reverse the grant of summary judgment on Ariza's CFRA claim and remand to district court. Because state law now predominates, the district court can keep the case under pendent jurisdiction or remand to state court. See 28 U.S.C. 1441(c); Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490 (9th Cir.1995).
 
 
 9
 AFFIRMED in part, REVERSED in part and REMANDED. Each party shall bear its own costs.
 
 
 
 **
 The Honorable Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The dismissal of two individual defendants, George Schmidt and Edith Smith, does not bar her claim. Schmidt and Smith were dismissed pursuant to statutory immunity, not because they were not individually liable. Additionally, the bank's liability could be predicated upon the actions of Sharon Ciresi, who made the recommendation to terminate Ariza