**Jon G LANGLEY, on behalf of themselves and all other employees similarly situated; et al., Plaintiffs—Appellees,**

v.

**MC COMMUNICATIONS INC., a Nevada corporation, Defendant—Appellant,**

and

**Does 1 through 100, inclusive, Defendants.**

---

**Jon G Langley, on behalf of themselves and all other employees similarly situated; et al., Plaintiffs—Appellants,**

v.

**MC Communications Inc., a Nevada corporation, Defendant—Appellee.**

**Jon G Langley, on behalf of themselves and all other employees similarly situated; et al., Plaintiffs—Appellees,**

v.

**MC Communications Inc., a Nevada corporation, Defendant—Appellant,**

and

**DOES 1 through 100, inclusive, Defendants.**

Nos. 02–56415, 02–56534, 03–55664. DC No. CV 02–1179 RMB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided Sept. 8, 2004.

Harvey C. Berger, Timothy Garr Williams, Pope and Berger, San Diego, CA, for Plaintiffs–Appellees.

Jody A. Landry, Esq., Van A. Goodwin, Esq., David Maggiore–Anet, Littler Mendelson, San Diego, CA, for Defendant–Appellant.

Before T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM *

MC Communications Inc. ("MCC") appeals the district court's orders remanding Plaintiffs Jon Langley, Michael McGraw and Roberto R. Andrade's (collectively, "Employees") state law claims (the "Remand Order") and dismissing Employees' federal claim for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

§§ 201–19 (the "Dismissal Order"). Employees cross-appeal the portion of the Remand Order retaining jurisdiction over the FLSA claim. We conclude that we lack appellate jurisdiction over the appeal and cross-appeal of the Remand Order. We do, however, have jurisdiction over the appeal of the Dismissal Order pursuant to 28 U.S.C. § 1291, and we affirm.[1]

■ We must address our jurisdiction, even if the parties do not. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir.1997) (en banc). Although review of the Remand Order is not precluded by 28 U.S.C. § 1447(d), we have held that a district court's discretionary decision to decline supplemental jurisdiction is neither a final order nor a collateral order reviewable under 28 U.S.C. § 1291 because that decision is a jurisdictional one, not a substantive decision on the merits. *See Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1549 (9th Cir.1994); *Lee v. City of Beaumont*, 12 F.3d 933, 935–36 (9th Cir.1993); *see also Garamendi v. Allstate Ins. Co.*, 47 F.3d 350, 353 n. 7 (9th Cir.1995) (distinguishing declining jurisdiction over supplemental claims, from declining "jurisdiction under one of the established doctrines of *abstention*").

While Employees concede that we lack jurisdiction over their cross-appeal, MCC contends that *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), effectively overruled our precedent regarding the appealability of discretionary remand orders. "*Quackenbush* refined and expanded our test for determining whether an exceptional remand order is reviewable on appeal." *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1165–66 (9th Cir. 1998). Since *Quackenbush*, however, we

have applied *Lee* to a remand order involving a discretionary decision to decline supplemental jurisdiction. *See Niehaus v. Greyhound Lines, Inc.*, 173 F.3d 1207, 1210–11 (9th Cir.1999). Thus, we are bound by *Niehaus* to apply our substantive-jurisdictional test in this case.

■ Here, the Remand Order is not a final order because the district court retained jurisdiction over the FLSA claim and did not "disassociate[ ] itself from the case entirely." *Quackenbush*, 517 U.S. at 714, 116 S.Ct. 1712. The Remand Order is also not an appealable collateral order because it is not "based on a substantive determination of the merits." *Niehaus*, 173 F.3d at 1211. Immediate, interlocutory appellate review of the Remand Order is thus not available to MCC. Accordingly, we dismiss both MCC's appeal and Employees' cross-appeal of the Remand Order.

Because the Remand Order was not an appealable order under 28 U.S.C. § 1291, the purported appeal did not deprive the district court of jurisdiction to dismiss the FLSA claim. *See Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir.1993) (stating that filing a notice of appeal from a nonappealable order does not effect a "transfer of jurisdiction from the district court to the court of appeals").

■ We review the district court's decision to grant leave to amend for abuse of discretion. *Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir.2004). We apply Fed.R.Civ.P. 15's policy of favoring amendments to pleadings with "extreme liberality" and conclude that the district court did not abuse its discretion by grant-

---

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

ing Employees motion to amend.[2] *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990).

Even though we require a district court to make findings when *denying* leave to amend, *see e.g., DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987), we have never held that a district court must make findings when *granting* a motion to amend a complaint. Moreover, it is a "legitimate tactical decision," and not bad faith, to dismiss federal claims after removal from state court. *Baddie v. Berkeley Farms, Inc.,* 64 F.3d 487, 491 (9th Cir.1995). If a district court believes there was forum-manipulation, the court has discretion to deny remand; the federal remedy is not to force plaintiffs to litigate claims they do not wish to pursue. *Id.* at 490–91 & n. 3. Finally, the prospect of a subsequent lawsuit reasserting the dismissed FLSA claim is not the type of prejudice that would preclude the district court from granting leave to amend. *See Mechmetals Corp. v. Telex Computer Prods., Inc.,* 709 F.2d 1287, 1294 (9th Cir. 1983). Thus, the district court did not abuse its discretion by permitting the voluntary dismissal of Employees' FLSA claim.

■ The district court also did not abuse its discretion in declining MCC's request for fees and/or costs. While a district court may "impose costs pursuant to Rule 15 as a condition of granting leave to amend," *Gen. Signal Corp. v. MCI Telecomms. Corp,* 66 F.3d 1500, 1514 (9th Cir.1995), a district court does not abuse its discretion by *not* imposing costs as a condition to granting a Rule 15 motion.

2. The district court erroneously treated Employees' motion to amend as a motion to dismiss. *Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1392 (9th Cir.1988). Nevertheless, our analysis of whether the court abused its discretion is unaffected by the error. *See*

Finally, Employees seek an award of attorney's fees on appeal pursuant to our inherent power, contending that MCC's appeals were frivolous. *See Fed. Election Comm'n v. Toledano,* 317 F.3d 939, 953 (9th Cir.2002) (awarding fees where party pursued frivolous appeal). We decline the request, concluding that this is not a proper case for an award of fees as a sanction under our inherent power.

Accordingly, in No. 02–56415 and No. 02–56534, we dismiss the appeal and cross-appeal from the Remand Order, and in No. 03–55664, we affirm the district court's dismissal of Employees' FLSA claim. Employees shall recover their costs on appeal from MCC.

DISMISSED in part, and AFFIRMED in part.

*Mechmetals Corp. v. Telex Computer Prods., Inc.,* 709 F.2d 1287, 1294 (9th Cir.1983) (noting with approval suggestion "that it is immaterial whether court acts pursuant to Rule 15(a) or Rule 41(a)(2)").