Edgar **BONILLA**, **Ronald Chiaravalle, Elisa Benavidez and Marina Bushmeloff, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**STARWOOD HOTELS & RESORTS WORLDWIDE, INC., and Does 1–10, Defendants.**

**No. CV 04–9025 CBM(SSX).**

United States District Court, C.D. California, Western Division.

Feb. 23, 2005.

Della Bahan and Peter Bibring of Bahan & Associates in Pasadena, for plaintiffs.

Richard Rosenberg, Jeffrey P. Fuchsman, and Stephen M. MacPhail of Ballard, Rosenberg, Golper & Savitt LPP in Universal City, for defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

MARSHALL, Senior District Judge.

The matter before the Court, the Honorable Consuelo B. Marshall, Chief Judge, presiding, is Plaintiffs' motion to remand. The ties appeared before the Court for oral argument on January 24, 2005. Based on the papers filed and the arguments submitted, the Court GRANTS Plaintiffs' motion to remand.

### JURISDICTION

Whether or not this Court has jurisdiction is the issue before the Court. Defen-

dants removed this case to federal court, alleging federal question jurisdiction, 28 U.S.C. § 1331, pursuant to 29 U.S.C. § 185 (Labor–Management Relations Act), and 28 U.S.C. § 1337. Plaintiffs filed the present motion to remand, arguing that any questions of law that arise under federal law are defenses and therefore inappropriate grounds for removal.

## BACKGROUND & PROCEDURAL HISTORY

Plaintiffs are present and former employees of Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") and work at either the Westin Century Plaza & Spa ("Century Plaza") or the St. Regis Los Angeles ("St. Regis"), both of which are managed and operated by Defendant. During their employment with Defendant, Plaintiffs were covered by one of four different collective bargaining agreements ("CBAs"), which contain provisions on meal and rest periods.[1]

Plaintiffs filed the present class action in state court on September 16, 2004, alleging that (1) they were not given proper meal and rest breaks; (2) that they were not compensated for missed breaks as required by Cal. Labor Code § 226.7 and the Industrial Welfare Commission ("IWC") Wage Orders; and (3) that employees who were terminated or resigned were not paid wages due to them at the time they left their employment, entitling them to recover waiting time penalties equal to thirty days' pay pursuant to Cal. Labor Code § 203.[2] Defendant removed the case to this Court on November 1, 2004. Defendant argues that Plaintiffs' claims are preempted by Section 301 of the Labor–Management Relations Act ("LMRA") because the claims are founded on rights created by the CBAs and require interpretation of the CBAs. Accordingly, Defendant argues that Plaintiffs' complaint arises under federal law and can be properly removed pursuant to 28 U.S.C. § 1441(b).

On November 22, 2004, Plaintiffs filed the present motion for remand.

## STANDARD OF LAW

A defendant is entitled to remove to federal court any civil action over which the federal court has original jurisdiction. 28 U.S.C. § 1441. The Ninth Circuit strictly construes the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab, Co.,* 303 U.S. 283, 288–90, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The Supreme Court has held that under the complete preemption doctrine, "the preemptive force of

---

1. Named Plaintiffs are all covered by the Local 11 CBA. Members of the class of workers Plaintiffs seek to represent are covered by Local 11's and three other CBAs referenced in the complaint.

2. Defendant does not assert that this third claim is preempted by federal labor law.

some statutes is so strong that they 'completely preempt' an area of state law." *Balcorta v. Twentieth Century–Fox Film Corp.,* 208 F.3d 1102, 1107 (9th Cir.2000) (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law. *Id.* (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

## DISCUSSION

### A. Whether Plaintiffs' State Law Claims are Preempted by the LMRA

Section 301 of the LMRA governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement. *Caterpillar, Inc.,* 482 U.S. at 394, 107 S.Ct. 2425. The LMRA does not preempt an employee's independent, freestanding state rights. *Id.* at 395, 107 S.Ct. 2425. However, "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law … is pre-empted…" *Lingle v. Norge Div. of Magic Chef,* 486 U.S. 399, 405–406, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). The "bare fact that a collective-bargaining agreement will

be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw,* 512 U.S. 107, 124, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994) (citing *Lingle,* 486 U.S. at 413 n. 12, 108 S.Ct. 1877). A court may also look to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights without triggering § 301 preemption. *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 692 (9th Cir.2001)(*en banc*).

The complete preemption doctrine does not abrogate the general rule that a defense of preemption does not create federal question jurisdiction. *Caterpillar, Inc.,* 482 U.S. at 398–99, 107 S.Ct. 2425; *see also Ben. Nat'l Bank v. Anderson,* 539 U.S. 1, 9, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (federal defense raised by defendant in preemption case does not justify removal). The Ninth Circuit in a recent *en banc* decision affirmed this principle of *Caterpillar* stating that: "[t]he plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 pre-emption is not mandated simply because the defendant refers to the CBA in mounting a defense." *See Cramer,* 255 F.3d at 691 (citing *Caterpillar, Inc.,* 482 U.S. at 398–99, 107 S.Ct. 2425).[3]

---

3. Defendant argues that the well-pleaded complaint rule does not apply where the defense is based on complete preemption under Section 301. Def.'s Opp'n at 8. However, this is contrary to the very case law cited by Defendant. *Caterpillar, Inc.,* 482 U.S. at 398, 107 S.Ct. 2425 ("the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule"); *Balcorta,* 208 F.3d at 1107 n. 7 ("the 'complete preemption' doctrine does not abrogate the standard rule that a

defense of preemption does not create federal question jurisdiction"). In addition, the doctrine of complete preemption is not so overwhelming that a plaintiff can never have an independent state law claim. *Caterpillar, Inc.,* 482 U.S. at 395, 107 S.Ct. 2425 (citing *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 212, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)) ("it would be inconsistent with congressional intent under [§ 301] to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract").

Defendant here alleges two independent grounds for preemption.

### 1. Whether Plaintiffs' Meal Break Claims are Preempted

In their complaint, Plaintiffs allege that they were not given a proper 30 minute meal period for work days that exceeded five hours, as required by the IWC Wage Order No. 5–2001, § 11(A) ("No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes . . ."). *See* Compl. at ¶ 26. In response, Defendant argues that the IWC allows an employee and employer to waive the right to a meal period if the work day is only six hours long. IWC Wage Order No. 5–2001, § 11(A) (". . . when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee"). Defendant argues that Plaintiffs waived the right to a meal period for five hour work periods in the relevant CBA. (*See* Local 11 CBA attached to Declaration of Lisa Marie Smith, Ex. 1 at date stamped page no. 0043, ("all employees shall be allowed thirty (30) minutes to eat one meal during any shift that is over six (6) hours.")) Thus, argues Defendant, because whether or not Plaintiffs were entitled to a meal period for a five hour work period or whether they waived this right depends on an interpretation of the Local 11 CBA, the claims are preempted.

■ The state law statutory claims asserted by Plaintiffs cannot be bargained away. *See* Compl. at 26–27; Cal. Labor Code § 219; *Lujan v. S. Cal. Gas Co.,* 96 Cal.App.4th 1200, 1211, 117 Cal.Rptr.2d 828 (2002) (employer and a union cannot bargain away an employee's rights under state wage statutes, including IWC Wage Orders). Moreover, Plaintiffs' claims by themselves do not require an analysis of the CBA. Only Defendant's waiver defense requires reference to the CBA, which does not trigger Section 301 preemption.[4] *Cramer,* 255 F.3d at 692. Thus Plaintiffs' case is distinguishable from that of the plaintiffs in *Firestone,* which is relied upon by Defendant. The overtime claims in *Firestone* required an analysis of whether the alternative overtime payment structure provided by the CBA satisfied the requirements of California state law. *Firestone v. S. Cal. Gas Co.,* 219 F.3d 1063, 1066 (9th Cir.2000) ("parties therefore disagree on the meaning of terms in the collective bargaining agreement for purposes of California law").

Accordingly, based in the well-pleaded complaint doctrine as set forth by the Supreme Court in *Caterpillar, Inc.,* and the Ninth Circuit in *Cramer,* the Court finds that Plaintiffs' claims for meal break violations are not preempted.

### 2. Whether Plaintiffs' Claims for Unpaid Wages for Missed Breaks are Preempted

■ Defendant argues that Plaintiffs' claims for compensation for missed breaks directly relies on the CBA and is therefore an independent grounds for preemption.

---

**4.** The parties have filed several supplementary briefs regarding an emergency regulation issued by the California Department of Labor Standards Enforcement ("Section 13700"). The regulation describes the elements required for an employer to "be deemed to have provided a meal period to an employee in accordance with Labor Code Section 512." Section 13700(b). Defendant argues that the regulation supports its argument that "a dispute exists under the CBA as to whether Defendant has provided Plaintiffs with meal periods within the meaning of Cal. Labor Code § 512 by informing Plaintiffs of their rights." Def.'s Further Supplemental Reply at 5. Defendant does not cite any specific provision of the CBA that must be interpreted to determine compliance with this regulation.

Defendant cites to Section 10.B of the Local 11 CBA, which provides for meal and rest breaks and states that such breaks will be paid time. Under California law meal breaks are not required to be paid time. Thus, argues Defendant, Plaintiffs' claims for unpaid breaks must rely on the CBA.

Upon reviewing the complaint, the Court finds that Plaintiffs are not seeking to enforce the meal break provision of the CBA but rely only on independent state statutes. *See* Compl. at 23–30 ("First Cause of Action Class Action Claim for Violation of the California Labor Code"); *see Caterpillar, Inc.*, 482 U.S. at 396–397, 107 S.Ct. 2425 ("Caterpillar impermissibly attempts to create the prerequisites to removal by ignoring the set of facts (i.e., the individual employment contracts) presented by respondents, along with their legal characterization of those facts, and arguing that there are different facts respondents might have alleged that would have constituted a federal claim..."). The fact that Plaintiffs' complaint alleges that they "were not paid for time spent working through their required breaks" does not change this conclusion. The Court must read the complaint in the light most favorable to the plaintiff. *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 937 (9th Cir.1993) (in preemption analysis district court erred when it failed to read the complaint in the light most favorable to plaintiff). As Plaintiffs have not cited to or relied on any provision of the CBA in their complaint, the Court construes this paragraph to mean that Plaintiffs allege they were not paid *as required by state law* for time spent working through their required breaks.[5]

In addition, Defendant does not demonstrate that the CBA must be "interpreted" rather than simply referenced to determine unpaid compensation for missed breaks. The present case is very similar to *Gregory v. SCIE, LLC*, in which the Ninth Circuit reversed a district court's finding of preemption of state law claims that involved "not how overtime rates are calculated but whether the result of the calculation complies with California law." 317 F.3d 1050, 1053 (9th Cir.2003). The fact that overtime was calculated according to the terms of the CBA did not mandate Section 301 preemption in *Gregory*. *Id.* Similarly here, Plaintiffs have alleged non-compliance with non-negotiable state wage laws requiring meal and rest breaks. *See* Cal. Lab.Code § 219. The calculation of damages may require reference to wage payment calculations dictated by the CBA, *Livadas*, 512 U.S. at 125, 114 S.Ct. 2068, as well as factual evidence such as time worked by employees and how they were compensated, but not interpretation of the CBA. The fact that Local 11's CBA considers breaks as paid time may mean that Plaintiffs' damages will be adjusted accordingly, but Defendant has not explained how this fact requires any interpretation of the CBA.

Accordingly, the Court finds that Plaintiffs' claims for unpaid compensation for missed breaks are not preempted by Section 301 of the LMRA.

**C. Whether Plaintiffs' Claims Under Cal. Bus. & Prof.Code Section 17200 are Preempted**

When a district court remands a case to state court based on a preemption analysis of the relevant wage claims, it is

---

5. Because Plaintiffs' complaint encompasses four different CBAs, one of which appears not to require meal breaks to be paid, (*see* Local 1877 CBA attached as Ex. C to Declaration of Peter Bibring), Plaintiffs' general references to breaks, as opposed to specifying meal or rest breaks, may in fact be necessary.

unnecessary to conduct an analysis of related state law claims, including claims pursuant to Section 17000 of the California Business & Professions Code. *See Gregory,* 317 F.3d at 1051.

### D. Whether Plaintiffs' Request for Attorneys' Fees Should be Granted

 "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Ninth Circuit does not require a finding of bad faith and awards fees even where a defendant's removal was "fairly supportable" but wrong as a matter of law. *Balcorta,* 208 F.3d at 1106 n. 6; *Moore v. Permanente Medical Group,* 981 F.2d 443, 448 (9th Cir.1992) ("An award of attorney's fees pursuant to section 1447(c) . . . is within the discretion of the district court, and bad faith need not be demonstrated.").

 The Ninth Circuit requires a district court to calculate an award of attorneys' fees by first calculating the "lodestar." *See Caudle v. Bristow Optical Co., Inc.,* 224 F.3d 1014, 1028 (9th Cir.2000). The lodestar is "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (citing *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir.1996)). After computing the lodestar, the district court is to assess whether additional considerations enumerated in *Kerr v. Screen Extras Guild, Inc.,* 526

F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), require the court to adjust the figure. *Caudle,* 224 F.3d at 1028. The *Kerr* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skills requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr,* 526 F.2d at 69–70.

 Plaintiffs seek attorneys' fees for 23 hours of work researching and drafting Plaintiffs' motion to remand and an additional 7 hours preparing the reply, at an hourly billing rate of $215. Defendant argues that the Court should consider the novelty and difficulty of Section 301 preemption law and the fact that Defendant had a supportable basis for its removal.[6] Defendant also argues that Plaintiffs have not adequately addressed the *Kerr* factors or provided detail as to the work performed, and that Plaintiffs' attorneys' billing rate of $215 per hour for a recent graduate, junior level associate is unreasonable and should be reduced to $180.[7]

---

**6.** Defendant also argues that Plaintiffs' fees and costs were not the result of removal because remand was based on post-removal changes to the case, mainly Plaintiffs' alleged post-removal disclaimer of a federal claim. Defendant cites to *Baddie v. Berkeley Farms, Inc.,* 64 F.3d 487 (9th Cir.1995) in support of this argument. In *Baddie,* after removal the plaintiffs twice amended their complaint, adding and dismissing defendants and omitting claims that explicitly involved the CBAs. Here

there have been no post-removal changes, merely post-removal arguments as to the hidden meaning of Plaintiffs' complaint, which on its face alleges no federal cause of action.

**7.** Defendant offers a declaration from a partner at its attorney's firm as evidence to support its contention that $180 is a more reasonable rate.

The Court, exercising the discretion authorized by 28 U.S.C. § 1447(c), grants Plaintiffs' request for costs. Based on its experience and awards in similar cases, the Court finds that $200 is a reasonable fee for a junior-level associate at a law firm in this district. The Court further finds that thirty hours, approximately three or three and half work days, is a reasonable expenditure of time and labor to prepare two briefs. Given the relative straightforwardness of the tasks and costs at issue here, Plaintiffs' explanation of the costs incurred by their attorneys is sufficient. The Court also finds that no additional adjustments in Plaintiffs' fee request are warranted by the remaining *Kerr* factors.

## CONCLUSION

Therefore, the Court GRANTS Plaintiffs' Motion to Remand and awards Plaintiffs' attorneys' fees in the amount of $6000.

IT IS SO ORDERED.