**Mary GLOVER, individually and as successor in interest to the estate of Paul Glover, deceased, Plaintiff,**

v.

**BORELLI'S PIZZA, INC.; Hudnut Company, Inc.; Tom Garber; North El Camino Real, L.L.C.; and Does 1 through 40, inclusive, Defendants.**

Case No. 12–CV–1225–H (JMA).

United States District Court, S.D. California.

July 31, 2012.

Charles S. Roseman, Richard D. Prager, Law Offices of Charles S. Roseman and Associates, San Diego, CA, for Plaintiff.

Juan Fernando Kish, Robert E. Gallagher, Jr., White Oliver & Amundson, San Diego, CA, for Defendants.

## ORDER: (1) GRANTING PLAINTIFF'S MOTION TO REMAND AND (2) DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

MARILYN L. HUFF, District Judge.

On June 20, 2012, Plaintiff Mary Glover filed a motion to remand the case to state court for lack of subject matter jurisdiction. (Doc. No. 6.) On July 2, 2012, Defendants Borelli's Pizza, Inc. and North El Camino Real, L.L.C. filed a motion to dismiss Plaintiff's First Amended Complaint or, in the alternative, a motion for more definite statement. (Doc. No. 8.) On July 23, 2012, Defendants filed a motion in opposition to Plaintiff's motion to remand. (Doc. No. 9.) On July 23, 2012, Plaintiff filed a motion in opposition to Defendants' motion to dismiss. (Doc. No. 10.) On July 30, 2012, Defendants filed a reply to its motion to dismiss. (Doc. No. 11). On July 30, 2012, Plaintiff also filed a reply to its motion to remand. (Doc. No. 13.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that these matters are appropriate for resolution without oral argument, submits the motions on the parties' papers, and vacates the hearings scheduled for August 6, 2012.

### Background

On January 26, 2012, Plaintiff Mary Glover filed a complaint against Defendants Borelli's Pizza, Inc.; Hudnut Company, Inc.; Tom Garber; North El Camino Real, L.L.C.; and Does 1 through 40, inclusive. (Doc. No. 1.) Plaintiff's complaint alleged violations of the California Civil Code sections 51, 52, and 54; negligence per se; negligence; and premises liability. (Doc. No. 1.) Plaintiff's complaint also requested declaratory relief under California state law and the Americans with Disabilities Act. (Doc. No. 1.) On May 21, 2012, Defendants removed the case to federal court, asserting that the complaint raised a federal question because Plaintiff's claims arose under the Americans with Disabilities Act. (Doc. No. 1.)

On June 18, 2012, Plaintiffs filed an amended complaint, alleging violations of the California Civil Code sections 51, 52, and 54; negligence per se; negligence; and premises liability. (Doc. No. 4.) Plaintiff's complaint no longer requests declaratory relief under the Americans with Disabilities Act. (Doc. No. 4.)

On June 20, 2012, Plaintiff filed a motion to remand the case to state court. (Doc. No. 6.) Additionally, Defendants filed a motion to dismiss the case for failure to state a claim. (Doc. No. 8.)

### Discussion

### I. Plaintiff's Motion to Remand

Federal courts are courts of limited jurisdiction. *United States v. Marks*, 530 F.3d 799, 810 (9th Cir.2008). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

Only cases that would have had original jurisdiction in a federal district court may be removed from state court. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction. *Provincial Gov't v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir.2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Removability ordinarily is determined at the time of the notice of removal was filed. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir.1998).

■ If a claim arising under federal law existed at the time of removal, the court has supplemental jurisdiction to adjudicate even though the federal claim has been dropped from the case and only state law claims remain. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 349–50, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Nishimoto v. Federman–Bachrach & Assocs.,* 903 F.2d 709, 715 (9th Cir.1990). Remand is not mandatory if federal question jurisdiction existed at the time of removal if the federal claim is later dismissed. *Carnegie–Mellon,* 484 U.S. at 350–51, 108 S.Ct. 614. Nevertheless, the court has discretion in such cases as to whether to continue to exercise its jurisdiction. *Id.* at 349–52, 108 S.Ct. 614. When the federal claim is dismissed, the court has discretion to dismiss the state law claims or remand the action to state court. *See id.*

■ Defendants' notice of removal cites federal question jurisdiction and the Americans with Disabilities Act as its basis for removal. (Doc. No. 1.) Regardless of whether Plaintiff's original complaint stated a basis for federal jurisdiction, Plaintiff's amended complaint does not state a basis for federal jurisdiction. (*See* Doc. No. 4; *see also Wander v. Kaus,* 304 F.3d 856, 857 (9th Cir.2002) ("Federal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim.").) Plaintiff's amended complaint alleges violations of the California Civil Code sections 51, 52, and 54; negligence per se; negligence; and premises liability. (Doc. No. 4.) These causes of action arise under state law, not federal law. (*See* Doc. No. 4.) Plaintiff's amended complaint does not include a request for declaratory relief under the Americans with Disabilities Act or state any federal claim. (*See* Doc. No. 4.) Although jurisdiction of a removed case is determined at the time of removal, the Court retains discretion as to whether to continue to exercise jurisdiction when no federal claims remain.

*See Sparta,* 159 F.3d at 1213. Further, the Supreme Court stated in *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), that when weighing the principles of economy, convenience, fairness, and comity on a motion to remand, the federal court should decline to exercise supplemental jurisdiction when "federal-law claims have dropped out of the lawsuit in its early stages." *Carnegie–Mellon,* 484 U.S. at 350, 108 S.Ct. 614. Here, the case is in the early stages of litigation; Defendants have filed a motion to dismiss and an answer has not yet been filed. (Doc. No. 8.) Consistent with this principle, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and remands the case to the Superior Court, County of San Diego.

To the extent that Defendants argue that Plaintiff's amended complaint exhibits manipulative tactics, the Court concludes that there is no evidence that Plaintiff originally included the federal claims in bad faith to create the removal-remand procedure. *See Baddie v. Berkeley Farms, Inc.,* 64 F.3d 487, 490–91 (9th Cir. 1995). In *Baddie v. Berkeley Farms, Inc.,* 64 F.3d 487 (9th Cir.1995), the Ninth Circuit held that the plaintiffs' decision to plead both state and federal claims in state court and then later to dismiss the federal claims after removal did not constitute manipulative pleading practices. *Id.* at 490. The Court concluded that the plaintiffs were entitled to dismiss certain claims without leave of court and that the plaintiffs' inclusion of federal claims was not "in bad faith or for the sole purpose of putting defendants through the removal-remand procedure." *Id.* at 490 & n. 3. The Court reasoned that "[t]here was nothing manipulative about [the plaintiffs'] straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state

court." *Id.* at 491. Likewise, here Plaintiff does not appear to have included federal claims in bad faith or for the purpose of putting Defendants through the removal-remand procedure. (*See* Doc. Nos. 1, 4, 6.) Defendants cite to nothing in the complaint or in the record that indicates manipulative tactics. (*See* Doc. Nos. 8, 10, 11.) Accordingly, the Court declines to adopt Defendants' reasoning and remands the case for lack of subject matter jurisdiction.

## II. Defendants' Motion to Dismiss

Because the Court remands the case to state court, the Court concludes that Defendants' motion to dismiss is moot. (Doc. No. 8.)

### *Conclusion*

For the foregoing reasons, the Court remands the case to the Superior Court of California, County of San Diego. Furthermore, the Court concludes that Defendants' motion to dismiss is moot. (*See* Doc. No. 8.)

**IT IS SO ORDERED.**